**FILED**

**APR 1 1 2008**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BURTON J. LOHNES, | ) | CIV. 08-5021-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS L. WEBER, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner is an inmate at the South Dakota State Penitentiary. On August 4, 1987, a jury found petitioner guilty of first-degree manslaughter. State v. Lohnes, 432 N.W.2d 77, 80 (S.D. 1988). The conviction was affirmed on appeal. Id. Petitioner did not appeal the conviction to the United States Supreme Court.

Petitioner now brings this habeas action pursuant 28 U.S.C. § 2241, challenging the constitutionality of his conviction. Plaintiff also moves to proceed *in forma pauperis*.

**DISCUSSION**

Because the petitioner in this case is a "person in custody pursuant to the judgment of a state court," the Court must construe this petition as one arising under 28 U.S.C. § 2254, regardless of the fact that petitioner styles it as an action under § 2241. See Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (holding that a person in custody pursuant to a state-court judgment "can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). A one-year statute of limitations applies to § 2254 petitions. See §

2244(d)(1).  The one-year period of limitations begins to run when the petitioner's state judgment or conviction becomes final.  Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006).  A judgment or conviction becomes final at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

The one-year limitations period is tolled during the time that a properly-filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  In other words, the statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins to run again when state habeas proceedings become final.  Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Petitioner's conviction in the underlying case has been final for approximately fifteen years.  He did not appeal to the United States Supreme Court, nor did he file for post-conviction review in South Dakota state court.  Thus, petitioner's § 2254 application is untimely.  Accordingly, it is hereby

ORDERED that Burton J. Lohnes's petition for habeas relief pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.

2

IT IS FURTHER ORDERED that Burton J. Lohnes's motion to proceed *in forma pauperis* (Docket #5, 6) is granted.  Petitioner is nevertheless obligated to pay the entire $5 filing fee.

Dated this 11 day of April, 2008.

BY THE COURT:


RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

3